UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SPRAYLAT INTERNATIONAL, LTD.,　　　　　　　　CASE NO. 0:20-CV-60079-RS
a U.K. Limited Partnership

      Plaintiff,

v.

JAN J. SMITH, an individual;
HENRYGLEN, LLC, a Florida limited
liability company; and ARMOR GUARD
PROTECTIVE COATINGS, INC., a
Florida corporation,

      Defendants.
_____/

## DEFENDANTS' JOINT MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants, Jan J. Smith ("Smith"), HenryGlen, LLC ("HenryGlen"), and Armor Guard Protective Coatings, Inc. ("Armor Guard")(collectively, Smith, HenryGlen and Armor Guard may be referred to as "Defendants"), pursuant to Fed. R. Civ. P. 12(c), respectfully and jointly[1] move for judgment on the pleadings on Counts I and II (Injunctive Relief), V (Conversion), and VI (Conspiracy) of the Complaint [ECF No. 1].

**I.  INTRODUCTION.**

Although Plaintiff, Spraylat International Ltd. ("Spraylat"), fundamentally sued Defendants for misappropriation of trade secrets under state and federal law, Spraylat's Complaint includes six (6) separate causes of action. This Motion is directed to four (4) of those causes of action. All of the claims at issue in this Motion fail as a matter of law.

---

[1] Consistent with the Court's Order [ECF No. 10], the Defendants are jointly filing this Motion even though Smith and Armor Guard are represented by separate counsel from HenryGlen.

Two sets of claims—Counts I and III and Counts II and IV—are nearly identical, with the key difference being that two of the claims—Counts I and II—are "claims" for *injunctive relief*. Courts in the Eleventh Circuit have repeatedly dismissed such "claims" because injunctive relief is merely a remedy and not a separate cause of action. Since Spraylat asserted claims for relief for misappropriation in Counts III and IV, the claims asserted in Counts I and II are, at best, redundant. Thus, Defendants are entitled to judgment in their favor on Counts I and II.

Spraylat's claim for conversion (Count V), predicated upon the alleged trade secrets at issue in other claims in the Complaint, fails as it is preempted by Florida's adoption of the Uniform Trade Secrets Act. As such, Defendants are entitled to judgment in their favor on Count V.

Finally, Spraylat's claim for conspiracy (Count VI) is based on Defendants' purported conspiracy to misappropriate Spraylat's alleged confidential and trade secret information. However, this claim fails as a matter of law because Spraylat alleges that Smith, Armor Guard, and HenryGlen are alter egos, or at a minimum corporate agents of each other, and therefore there is no multiplicity of actors necessary for a conspiracy under the intracorporate conspiracy doctrine. Under no set of facts could Smith be liable for conspiring with either HenryGlen or Armor Guard, as he was an officer/director of each. Moreover, HenryGlen and Armor Guard could not have conspired with each other because they did not co-exist.

Accordingly, this Court should enter judgment on the pleadings in favor of Defendants on Counts I, II, V, and VI of the Complaint.

## II.  STANDARD OF LAW.

"Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Andrx Pharm., Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1232–33 (11th

Cir. 2005); *see also Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002) ("If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint."). In determining a motion for judgment on the pleadings, a court must accept all facts in the complaint as true and view them in a light most favorable to the non-moving party. *Slagle v. ITT Hartford*, 102 F.3d 494, 497 (11th Cir. 1996). However, a court does not need to accept as true conclusory allegations made in the complaint. *Andrx Pharm.*, 421 F.3d at 1230.

As discussed below, judgment on the pleadings in favor of Defendants is proper as to Counts I, II, V, and VI because, even accepting Spraylat's factual allegations as true, these claims still fail as a matter of law.

### III.  THE CLAIMS FOR INJUNCTIVE RELIEF (COUNTS I AND II) FAIL AS A MATTER OF LAW BECAUSE AN INJUNCTION IS NOT A CAUSE OF ACTION.

Counts I and II are claims for "injunctive relief" based on Defendants' purported violations of the federal Defend Trade Secrets Act ("DTSA") and Florida's adoption of the Uniform Trade Secrets Act ("UTSA"), respectively. But for the request for injunctive relief, Counts I and II are duplicative of Counts III and IV, which are also claims for trade secret misappropriation in violation of the DTSA and Florida's UTSA. *Compare* Complaint [ECF No. 1], ¶¶ 45-60 with ¶¶ 76-88, and ¶¶ 61-75 with ¶¶ 89-100.

Counts I and II fail for the fundamental reason that "an injunction is not a cause of action but a remedy." *Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1288-89 (M.D. Fla. 2009), *aff'd*, 451 Fed. Appx. 862 (11th Cir. 2012); *Saeme v. Levine*, No. 11-21913-CIV, 2011 WL 13323214, at *3 (S.D. Fla. July 21, 2011). Courts routinely dismiss "claims" for injunctive relief for this reason. *See Pierson*, 619 F. Supp. 2d at 1289 ("Count [for injunctive relief] cannot stand on its own and must be dismissed."); *Saeme*, 2011 WL 13323214, at *3 (dismissing

3

count for injunctive relief); *Int'l Sch. Servs., Inc. v. AAUG Ins. Co.*, No. 10-62115-CIV, 2010 WL 4810847, at *1 n. 1 (S.D. Fla. Nov. 19, 2010) (*sua sponte* dismissing count for injunctive relief because injunctive relief is not a cause of action); *Brevard Cty., Fla. v. Priceline.com, Inc.*, No. 609-CV-1695-ORL31KRS, 2010 WL 680771, at *5 (M.D. Fla. Feb. 24, 2010) (dismissing free-standing "claim" for injunctive relief with prejudice.).  Since Counts I and II are merely claims for injunctive relief that are otherwise duplicative of Counts III and IV, they fail as a matter of law.

### IV. SPRAYLAT'S UTSA CLAIM (COUNT IV) PREEMPTS ITS CONVERSION CLAIM (COUNT V).

Florida's adoption of UTSA, Fla. Stat. § 688.008(1), provides in relevant part that it "displace[s] conflicting tort, restitutory, and other law of this state providing civil remedies for misappropriation of a trade secret." Courts have repeatedly held that a UTSA claim preempts a conversion claim when there is no material distinction between them. *See e.g. Sentry Data Sys., Inc. v. CVS Health*, 361 F. Supp. 3d 1279, 1295 (S.D. Fla. 2018) (quoting *Gonzalez-Hernandez v. Orbay*, 2009 WL 10668626, at *2 (S.D. Fla. Jan. 15, 2009); *Taxinet, Corp. v. Leon*, No. 16-24266-CIV, 2018 WL 3405243 (S.D. Fla. July 12, 2018).

In *Sentry Data,* the Southern District held that the UTSA claim preempted the conversion claim because the "misappropriation of the trade secret comprise[d] the underlying wrong" of both claims. *Sentry Data,* 361 F. Supp. 3d at 1295. The Court reasoned that the UTSA and conversion claims were not materially distinct because the conversion claim "re-allege[d] all of the prior allegations of the Complaint and [was] based on the 'conversion' or 'tak[ing]' of the same trade secrets and proprietary information as the misappropriation of the trade secret claims." *Id.*

Like *Sentry Data*, Spraylat's UTSA and conversion claims are not materially different. Spraylat bases its UTSA claim on Defendants' alleged misappropriation of trade secret information in the form of the formulation for Protectapeel, and specifically, one of the key

components in the product, referred to as "Release Blend A." *See* Complaint [ECF No. 1], ¶¶ 10, 27, 69, 97. Spraylat also premises its conversion claim on the conversion of information related to Protectapeel, but only to the extent this Court does not find that such information rises to the level of a trade secret. See *Id.* at ¶ 102. In other words, the UTSA and conversion claims seek redress for the same wrongdoing, namely, that Defendants allegedly used information related to Protectapeel to manufacture and sell a competing product.

To the extent that Spraylat attempts to avoid preemption by arguing that the UTSA and conversion claims are distinct because the latter deals with information that does not rise to the level of a trade secret, such an argument fails as a majority of jurisdictions have already rejected this argument. *Am. Registry, LLC v. Hanaw*, No. 2:13-CV-352-FTM-29CM, 2014 WL 12606501, at *5 (M.D. Fla. July 16, 2014) (citing cases). The Middle District in *Am. Registry* recognized that preemption applies not only to claims based on misappropriation of trade secrets, but to "all non-contract claims based on the misappropriation of confidential and/or commercially valuable information ***even if the information does not constitute a trade secret*** under the []UTSA." *Am. Registry*, 2014 WL 12606501, at *6 (emphasis added); *see also Taxinet,* 2018 WL 3405243, at *5 (finding no material difference between UTSA and conversion claims where the conversion claim relied on the defendant's alleged impermissible use of the plaintiff's confidential business information and the claims sought redress for the same wrongdoing). The rationale behind this majority approach is that a plaintiff can protect non-confidential information that does not rise to the level of a trade secret through contracts, which are not preempted by UTSA. *Am. Registry*, 2014 WL 12606501, at *6.

Accordingly, there is no meaningful difference between Spraylat's UTSA and conversion claims that would allow Spraylat to avoid UTSA preemption, and this Court should grant judgment on the pleadings on Count V in favor of Defendants.

## V.    SPRAYLAT'S CONSPIRACY CLAIM (COUNT VI) FAILS AS A MATTER OF LAW.

Spraylat's claim for conspiracy (Count VI) fails as a matter of law for numerous reasons.

Under Florida law, "a conspiracy requires the combination of two or more persons—a meeting of two independent minds intent on one purpose." *Merch. One, Inc. v. TLO, Inc.*, No. 19-CV-23719, 2020 WL 248608, at *8 (S.D. Fla. Jan. 16, 2020) (quoting *Cedar Hills Props. Corp. v. E. Fed. Corp.*, 575 So.2d 673, 676 (Fla. 1st DCA 1991). However, the "intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000). As such, binding precedent holds that "a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *Id.*[2] The same lack of multiplicity is equally applicable to situations involving alleged alter egos. *U.S. ex rel. Sanchez v. Abuabara*, No. 10-61673-CIV, 2012 WL 5193415, at *7 (S.D. Fla. Oct. 19, 2012) (conspiracy claim failed as a matter of law even though one of the defendants was not an employee because the plaintiff alleged he was an alter ego).

Spraylat's conspiracy claim fails because it is premised solely on the alleged intracorporate conspiracy between HenryGlen, Smith, and Armor Guard. According to Spraylat's allegations,

---

[2] Numerous courts in the Eleventh Circuit have applied the intracorporate conspiracy doctrine to civil conspiracy. *See e.g. Merch. One*, 2020 WL 248608, at *9; *Am. Axess Inc. v. Ochoa*, No. 618CV360ORL31KRS, 2018 WL 2197693, at *4 (M.D. Fla. May 14, 2018); *Exportadora Atlantico, S.A. v. Fresh Quest, Inc.*, No. 16-CV-23112, 2017 WL 7792710, at *6 (S.D. Fla. Feb. 21, 2017).

"HenryGlen and [Armor Guard] are actually alter egos of each other and of Smith." Complaint [ECF No. 1], ¶ 38. In other words, Spraylat maintains that HenryGlen, Smith, and Armor Guard are not merely just agents of each other, but are a single entity.

To the extent that Spraylat now seeks to avoid its own fatal allegation and argue that Defendants were not alter egos of each other, the conspiracy claim still fails under the intracorporate conspiracy doctrine. The Complaint is replete with allegations that the purported conspiracy is based on Smith's actions, acting as an officer[3] and corporate agent of HenryGlen and Armor Guard. For example, Spraylat alleges:

- "Smith had created HenryGlen in 2012 and had been selling Armor Guard since 2008" (*id.* at ¶ 24);
- "Smith passed the Trade Secrets to HenryGlen and began manufacturing and selling a product identical to Protectapeel—Armor Guard—through Henry Glen (*id.* at ¶ 26);
- "Smith created [Armor Guard]" (*id.* at ¶ 33);
- "Once [Armor Guard] was created, Smith and HenryGlen passed the Trade Secrets to [Armor Guard], through which Smith continues to manufacture a product identical to Protectapeel, still under the name 'Armor Guard,' using the Trade Secrets." (*id.* at ¶ 35).

In the face of such allegations, Smith, at a minimum, is a corporate agent of Armor Guard and HenryGlen, and therefore, cannot conspire with them.

---

[3] The Court may also take judicial notice of corporate filings made with the Florida Department of State. *See Sziranyi v. Allan R. Dunn, M.D., P.A.*, No. 07 CV 21762 (SJ), 2009 WL 6613675, at *2 (S.D. Fla. Sept. 30, 2009), *aff'd,* 383 F. App'x 884 (11th Cir. 2010) (taking judicial notice of a copy of a company's articles of incorporation available on the Florida Department of State Division of Corporations website, www.Sunbiz.org); *Henkle v. Cumberland Farms, Inc.*, No. 16-CV-14248, 2017 WL 5634947, at *3 (S.D. Fla. June 15, 2017) (same). Defendants respectfully request that the Court take judicial notice of the corporate filings for HenryGlen and Armor Guard, copies of which are attached as Exhibits A and B. According to those records, Smith was the sole managing member of HenryGlen, *see* Ex. A, and Smith is the President of Armor Guard. *See* Ex. B.

Moreover, there cannot be any conspiracy between Armor Guard and HenryGlen because Spraylat concedes that Smith dissolved HenryGlen before he formed Armor Guard. *Id.* at ¶¶ 32-33. As such, there could be no meeting of the minds between Armor Guard and HenryGlen to engage in a conspiracy since they did not co-exist.

Accordingly, Count VI fails as a matter of law, and therefore, judgment on the pleadings is warranted.

## VI. CONCLUSION.

In light of the foregoing, Defendants respectfully request this Court enter judgment on the pleadings in their favor on Counts I, II, V, and VI, and award any other and further relief as this Court deems just.

Respectfully submitted,

By: s/ Samuel A. Lewis
James A. Gale / Fla. Bar No. 371726
E-mail: jgale@cozen.com
Samuel A. Lewis / Fla. Bar No. 55360
E-mail: slewis@cozen.com
David M. Stahl / Fla. Bar No. 84713
E-mail: dstahl@cozen.com
COZEN O'CONNOR
Southeast Financial Center
200 South Biscayne Blvd., Suite 3000
Miami, Florida 33131
Telephone: 305-358-5001

***Counsel for Smith and Armor Guard***

By: s/ Robert P. Frankel
Robert P. Frankel, Esquire
Florida Bar No. 304786
*Robert@frankelpa.com*
Law Offices of Robert P. Frankel, P.A.
1000 South Pine Island Road, Suite 410
Plantation, Florida 33324
305-358-5690

***Counsel for HenryGlen***